IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:23-cr-00273-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   CHAD EDWARD KEITH,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Julia Martinez, Assistant United States Attorney for the District of Colorado, and the defendant, CHAD EDWARD KEITH, personally and by counsel, Laura Suelau, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees

(1)   to plead guilty to Count One of the Indictment charging a violation of possession of a firearm by a prohibited person, in violation of 18 U.S.C. 922(g)(1);

(2)   to waive certain appellate and collateral attack rights, as explained in detail below; and

(3)   not to contest forfeiture as more fully described below.

COURT EXHIBIT 1

## B. Government's Obligations:

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees to recommend a sentence within the guidelines range as calculated by the district court. The government further agrees not to bring other charges against the defendant based on information currently known to the United States Attorney's Office, District of Colorado. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, file a superseding indictment. The parties understand that this agreement is not binding on the Court.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4, between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

## C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 922(g)(1);

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of ~~16~~ 15; or

(3) the government appeals the sentence imposed.

If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture of assets:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to, the eleven firearms listed in the forfeiture count of the Indictment and any seized ammunition. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The defendant further agrees to the forfeiture of any substitute assets up to the value of any

property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II.  ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of 18 U.S.C. § 922(g)(1), possession of firearms and ammunition by a prohibited person, are as follows:

1. The defendant knowingly possessed firearms and ammunition;
2. The defendant was convicted of a felony, that is a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearms and ammunition;
3. Before the defendant possessed the firearms and ammunition, he knew he knew he had been convicted of a felony; and
4. Before the defendant possessed the firearms and ammunition, the firearms and ammunition had moved at some time from one state to another or from a foreign country to the United States.

<u>10th Circuit Criminal Pattern Jury Instructions 2021 Edition</u>.

## III.  STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count One of the Indictment is: not more than 15 years' imprisonment; a maximum term of supervised release three years; a maximum fine of $250,000; and a $100 mandatory victim's fund assessment fee.

## IV.  COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.  STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties *stipulate that the following facts are true and correct.*

The defendant, CHAD EDWARD KEITH, is a 41-year-old man residing in Colorado. At the time of the offense charged in the Information, KEITH was living in a rental residence in Colorado Springs, Colorado, ("the Colorado Springs residence") with his partner, Rebecca DUNCAN. KEITH and DUNCAN often spent their weekends at a property KEITH owns in Cotopaxi, Colorado ("the mountain property").

On May 4, 2023, the Federal Bureau of Investigation (FBI) executed premises search warrants at both the Colorado Springs residence and the mountain property. The FBI also arrested KEITH pursuant to a criminal complaint. From the Colorado Springs residence, the FBI seized various ammunition and the following 10 firearms:

1. a 300 Magnum Bolt action rifle bearing no serial number;
2. a Mossberg 500 12 gauge bearing serial number U355642;
3. Savage model 93 R17 Caliber 17HMR bearing serial number 0834472;
4. Glock 21 caliber .45 auto bearing serial BGGU957;
5. Scoped bolt action rifle bearing a hand-engraved serial number MNOG209012019;

6. Winchester model 62A, 22 caliber bearing serial 378453;
7. Century Arms C308 Sporter bearing serial number C308E32151;
8. Ruger 10/22 22 long rifle bearing serial number 0012-33607;
9. Mossberg 590 12-gauge shotgun bearing serial number K383899;
10. Century Arms WASR-10 7.62 by 39mm caliber bearing serial number AG-2830-81.

The Glock 21 caliber .45 auto, bearing serial BGGU957, belonged to DUNCAN. The remaining nine firearms found in the Colorado Springs residence belonged to KEITH.

From the mountain property, the FBI seized additional ammunition and one firearm: a Ruger Super Redhawk .44 magnum bearing serial number 550-84773. This firearm belonged to DUNCAN.

The Mossberg 500 12 gauge, bearing serial number U355642; the Savage model 93 R17 Caliber 17HMR, bearing serial number 0834472; the Glock 21 caliber .45 auto, bearing serial BGGU957; the Century Arms C308 Sporter bearing serial number C308E32151; the Ruger 10/22 22 long rifle bearing serial number 0012-33607; the Mossberg 590 12-gauge shotgun bearing serial number K383899; the Century Arms WASR-10 7.62 by 39mm caliber bearing serial number AG-2830-81; the Ruger Super Redhawk .44 magnum bearing serial number 550-84773; and at least some of the ammunition seized on May 4, 2023, were all manufactured outside the state of Colorado and thus traveled at some time from one state to another or from a foreign country to the United States.

Also on May 4, 2023, the FBI conducted a Mirandized and video-taped interview of KEITH. During the interview KEITH acknowledged owning and possessing multiple firearms.

In fact, KEITH has owned and possessed multiple firearms and ammunition since at least February 28, 2023, and continuing through May 4, 2023.

Prior to the conduct described above, KEITH had been convicted of a felony offense punishable by a term of imprisonment exceeding one year, namely possession of a destructive device, in violation of 26 U.S.C. §§ 5822, 5861(c), and 5871. Also prior to the conduct described above, KEITH knew that he had been convicted of a felony and had served a term of imprisonment of more than one year for that offense.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

   a)   Under Section 2K2.1(a)(6), the base offense level is 14.

   b)   Due to the number of firearms seized, the offense level increases by +4, under Section 2K2.1(b)(1)(B).

   c)   The adjusted offense level is 18.

- d) Three levels will be subtracted for acceptance of responsibility. **The resulting total offense level is 15.**

- e) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in **Criminal History Category II.**

- f) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

- g) The advisory guideline range resulting from these calculations is **21-27 months**. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense levels estimated above could conceivably result in a range from 18 months (bottom of Category I) to 51 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

- h) Pursuant to guideline § 5E1.2, the fine range for offense level 15 is $7,500 to $75,000, plus applicable interest and penalties.

- i) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term may not exceed three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 10/17/2023

Chad Edward Keith
Defendant

Date: 10/17/23

Laura Suelau
Attorney for Defendant

Date: 10/17/23

Julia Martinez
Assistant U.S. Attorney